IN THE UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF ALBAMA
NORTHERN DIVISION

| | | |
|---|---|---|
| MARIA E. FOLLIN and HERBERT T. FOLLIN, | * * * | |
| Plaintiffs, | * * | |
| v. | * * | Case No. 2:08 CV 45-SRW JURY DEMAND |
| MEGA EXPRESS, INC.; EMILIO VALADEZ, | * * * | |
| Defendants. | * | |

**ANSWER OF DEFENDANTS**

COME NOW the Defendants, Mega Express, Inc. and Emilio Valadez and file this their Answer to plaintiffs' complaint and demand for trial by jury.

1. Defendants aver that the residence of plaintiff, Maria E. Follin, is admitted.

2. Defendants aver that the residence of plaintiff, Herbert T. Follin, is admitted.

3. Defendants aver that Defendant Mega Express, Inc. is a corporation.

4. Defendants aver that Defendant Emilio Valadez is a resident of Georgia.

5. Defendants deny the allegations of paragraph 5 and demand strict proof thereof.

6. Defendants deny the allegations of paragraph 6 and demand strict proof thereof.

7. Defendants deny the allegations of paragraph 7 and demand strict proof thereof.

8. Defendants deny the allegations of paragraph 8 and demand strict proof thereof.

9. Defendants deny the allegations of paragraph 9 and demand strict proof thereof.

### Count I - Negligence

10. Defendants deny the allegations of paragraph 10 and demand strict proof thereof.

11. Defendants deny the allegations of paragraph 11 and demand strict proof thereof.

12. Defendants deny the allegations of paragraph 12 and demand strict proof thereof.

### Count II - Wantonness

13. Defendants deny the allegations of paragraph 13 and demand strict proof thereof.

14. Defendants deny the allegations of paragraph 14 and demand strict proof thereof.

15. Defendants deny the allegations of paragraph 15 and demand strict proof thereof.

16. Defendants deny the allegations of paragraph 16 and demand strict proof thereof.

### Count III – Negligent/Wanton Entrustment

17. Defendants deny the allegations of paragraph 17 and demand strict proof thereof.

18. Defendants deny the allegations of paragraph 18 and demand strict proof thereof.

19. Defendants deny the allegations of paragraph 19 and demand strict proof thereof.

### Count IV – Negligent/Wanton Hiring, Retention Supervision or Maintenance

20. Defendants deny the allegations of paragraph 20 and demand strict proof thereof.

21. Defendants deny the allegations of paragraph 21 and demand strict proof thereof.

22. Defendants generally deny each and every allegation of the plaintiffs' complaint not specifically admitted herein and demand strict proof thereof.

### AFFIRMATIVE and PUNITIVE DEFENSES

23. Defendants plead the affirmative defense of contributory negligence.

24. Defendants plead the defense of sudden emergency.

25. Defendants plead the defense of lack of proximate cause.

26. The plaintiffs' claims of punitive damages violates the Fourth, Fifth, Sixth, Eighth and Fourteenth Amendments of the Constitution of the United States, on the following grounds:

   a. It is a violation of the Due Process and Equal Protection Clauses of the Fourteenth Amendment of the United States Constitution to impose punitive damages, which are penal in nature, against a civil defendant upon the plaintiff's satisfying a burden of proof which is less than the "beyond a reasonable doubt" burden of proof required in criminal cases;
   b. The procedures pursuant to which punitive damages are awarded may result in the award of joint and several judgments against multiple defendants for different alleged acts of wrongdoing, which infringes the Due Process and Equal Protection Clauses of the Fourteenth Amendment of the United States Constitution;
   c. The procedures pursuant to which punitive damages are awarded fail to provide a reasonable limit on the amount of the award against defendant, which thereby violates the Due Process Clause of the Fourteenth Amendment of the United States Constitution.
   d. The procedures pursuant to which punitive damages are awarded fail to provide specific standards for the amount of the award of punitive damages which thereby violates the Due Process Clause of the Fourteenth Amendment of the United States Constitution;
   e. The procedures pursuant to which punitive damages are awarded result in the imposition of different penalties for the same or similar acts and, thus, violate the Equal Protection Clause of the Fourteenth Amendment of the United States Constitution;
   f. The procedures pursuant to which punitive damages are awarded permit the imposition of punitive damages in excess of the maximum criminal fine for the same or similar conduct, which thereby infringes the Due Process Clause of the Fifth and Fourteenth Amendments and the Equal Protection Clause of the Fourteenth Amendment of the United States Constitution; and,
   g. The procedures pursuant to which punitive damages are awarded permit the imposition of excessive fines in violation of the Eighth Amendment of the United States

Constitution.

27. The plaintiffs' claim of punitive damages violates the due process clause of Article I, Section 6 of the Constitution of Alabama, on the following grounds:

   a. It is a violation of the due process clause to impose punitive damages which are penal in nature, upon a civil defendant upon the plaintiff's satisfying a burden of proof less than the "beyond a reasonable doubt" burden of proof required in criminal cases;
   b. The procedures pursuant to which punitive damages are awarded fail to provide a limit on the amount of the award against this defendant;
   c. The procedures pursuant to which punitive damages are awarded are unconstitutionally vague;
   d. The procedures pursuant to which punitive damages are awarded fail to provide specific standards for the amount of the award of punitive damages; and,
   e. The award of the punitive damages in this case constituted a deprivation of property without due process of law.

28. The plaintiffs' attempt to impose punitive or extra-contractual damages on this defendant, on the basis of vicarious liability for the conduct of others, violates the Fifth, Eighth, and Fourteenth Amendments of the United States Constitution.

29. The award of punitive damages to the plaintiffs in this action would constitute a deprivation of property without due process of law required under the Fifth and Fourteenth Amendments of the United States Constitution.

30. The procedures pursuant to which punitive damages are awarded permit the imposition of an excessive fine in violation of Article I, Section 15, of the Constitution of Alabama.

31. The award of punitive damages against the defendant in this action would violate the prohibition against laws that impair the obligations of contracts in violation of Article I, Section 22 of the Constitution of Alabama.

32. The procedures pursuant to which punitive damages are awarded permit the imposition of punitive damages in excess of the amount established by the legislature under Ala. Code Section 27-1-17 (1975), in violation of the Due Process Clause of the Fifth and Fourteenth Amendments of the U. S. Constitution and Article, Section 6, of the Alabama Constitution.

Respectfully submitted this the 18th day of January, 2008.

/s/ James W. Garrett, Jr.
Attorney for Defendants

OF COUNSEL:
RUSHTON, STAKELY, JOHNSTON & GARRETT, P.A.
Post Office Box 270
Montgomery, AL 36101-0270
(334)206-3100

### JURY DEMAND

Defendants hereby demand a trial by jury.

/s/ James W. Garrett, Jr.
Attorney for Defendants

## **CERTIFICATE OF SERVICE**

      I hereby certify that I have served a copy of the foregoing upon the below named by placing a copy of the same in the U.S. Mail, postage prepaid and delivered to their correct address and filed same with ECM filing on this the 18th day January, 2008.

Robert L. Pittman, Esq.
James & Pittman, P.C.
Post Office Box 4266
Montgomery, Alabama  36103-4266

                                       /s/James W. Garrett, Jr.