IN THE DISTRICT COURT OF THE UNITED STATES
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

| | |
|---|---|
| MARIA E. FOLLIN and ) | |
| HERBERT T. FOLLIN, ) | |
| ) | |
| Plaintiffs, ) | |
| ) | |
| v. ) | CIVIL ACTION NO. 2:08cv45-SRW |
| ) | |
| MEGA EXPRESS, INC., ) | |
| EMILIO VALDEZ, ) | |
| ) | |
| Defendants. ) | |

## UNIFORM SCHEDULING ORDER

**Please read this order carefully. These deadlines and responsibilities may not be changed without leave of the court. All parties are expected to comply with each and every provision of this order in a timely manner, and extensions will be granted in only extraordinary unforeseeable circumstances. The parties are also expected to comply with the Middle District's Local Rules and the Middle District's Guidelines to Civil Discovery Practice, both of which can be found at http://almd.uscourts.gov/.**

Under Rule 16, Federal Rules of Civil Procedure, as amended, the Court is required to set a schedule for the discovery and the filing of motions. Accordingly, it is ORDERED by this Court as follows:

**SECTION 1.** A pretrial hearing of this case is scheduled for 3:00 p.m. on January 7, 2009 in the chambers of United States Magistrate Judge Susan Russ Walker, Frank M. Johnson, Jr. United States Courthouse Complex, Montgomery, Alabama. The pretrial order shall be filed three business days prior to the pretrial hearing (see the attached proposed pretrial order form). This cause is set for trial during the term of court commencing on February 2, 2009in Montgomery, Alabama.

**SECTION 2.** Any dispositive motions, i.e., motions to dismiss or motions for summary judgment, shall be filed no later than October 6, 2008. A brief and all supporting evidence shall be filed with any such motion. In all briefs filed by any party relating to the motion, the discussion of the evidence in the brief must be accompanied by a specific reference, by page and line, to where the evidence can be found in a supporting deposition

or document. Failure to make such specific reference will result in the evidence not being considered by the court.

**SECTION 3.** On or before October 27, 2008, counsel for all parties shall conduct a face-to-face settlement conference at which counsel shall engage in good faith settlement negotiations. If settlement cannot be reached, counsel shall also discuss whether mediation will assist the parties in reaching settlement. Not more than **FIVE (5) DAYS** after this conference, counsel for the plaintiff shall file a pleading titled "Notice Concerning Settlement Conference and Mediation". This pleading shall indicate whether settlement was reached and, if not, whether the parties believe mediation will assist them in resolving this case short of trial. Information about mediation is attached to this order.

**SECTION 4.** Any motions to amend the pleadings and to add parties shall be filed on or before August 6, 2008.

**SECTION 5.** Any motion for class certification shall be filed on or before August 25, 2008. A brief discussing the factors enumerated in Rule 23(a) and (b) of the Federal Rules of Civil Procedure shall be filed with any such motion.

**SECTION 6.** The failure to file a response to any motion -- either dispositive or non-dispositive – within the time allowed by the court shall indicate that there is no opposition to the motion.

**SECTION 7.** All discovery shall be completed on or before December 23, 2008, except that, as to any witnesses whose names are not revealed until the last day allowed under SECTION 9 or whose names are not revealed with sufficient time for the other parties to take a deposition prior to the pretrial conference, the opposing party shall have the time extended in this paragraph to allow for deposing such witnesses.

**SECTION 8.** The parties shall disclose to each other the identity of ANY person who may be used at trial to present evidence under Rules 702, 703, or 705 of the Federal Rules of Evidence, and provide the reports of retained experts or witnesses whose duties as an employee of the party regularly involved giving expert testimony, required by Rule 26(a)(2) of the Federal Rules of Civil Procedure, as follows:

From the plaintiff(s) -- on or before November 14, 2008.

From the defendant(s) -- on or before November 28, 2008.

The parties shall comply fully with all requirements of Rule 26(a)(2) in regard to disclosure of expert testimony.

**SECTION 9.**  On or before December 17, 2008, each party shall, pursuant to the provisions of Rule 26(a)(3) of the Federal Rules of Civil Procedure, exchange the names, addresses and telephone numbers of all witnesses, except witnesses solely for impeachment purposes, separately identifying those whom the party expects to present and those whom the party may call if the need arises.  The witness list should include the names of any witnesses required to be disclosed under Paragraph 8.  Unless specifically agreed between the parties or allowed by the Court for good cause shown, the parties shall be precluded from calling any witness not so identified.

**SECTION 10.**  On or before January 19, 2009, the parties shall, pursuant to the provisions of Rule 26(a)(3) of the Federal Rules of Civil Procedure, identify any part of a deposition or other document that a party expects to use at trial.  Adverse parties shall within **ONE WEEK THEREAFTER** identify any responsive parts of depositions expected to be used, and a party shall within **THREE DAYS** of the designation of such responsive parts designate any part which is desired as a rebuttal thereto.  Unless specifically agreed between the parties or allowed by the Court for good cause shown, the parties shall be precluded from using any part of a deposition or other document not so listed, with the exception of parts of depositions or documents to be used solely for the purpose of impeachment.  Except to the extent written objections are served and filed on or before January 26, 2009, each party shall be deemed to have agreed that one of the conditions for admissibility under Rule 32 of the Federal Rules of Civil Procedure is satisfied with respect to any such deposition and that there is no objection to the testimony so designated.

**SECTION 11.**  On or before January 19, 2009, the parties shall, pursuant to the provisions of Rule 26(a)(3) of the Federal Rules of Civil Procedure, furnish opposing counsel for copying and inspection all exhibits or tangible evidence to be used at the trial, and proffering counsel shall have such evidence marked for identification prior to trial.  Unless specifically agreed between the parties or allowed by the Court for good cause shown, the parties shall be precluded from offering such evidence not so furnished and identified, with the exception of evidence to be used solely for the purpose of impeachment.  <u>Except to the extent written objections are served and filed no later than January 26, 2009, the evidence shall be deemed genuine and admissible in evidence.  The written objections shall set forth the grounds and legal authorities.  All trial exhibits must be premarked prior to trial.</u>

**SECTION 12.**  Except to the extent of any conflict with deadlines set out above, the Discovery Plan contained in the Report of Parties' Planning Meeting, filed on February 28, 2008, is adopted and incorporated herein.

**SECTION 13:** *If a jury trial*:  The parties shall file any requested voir dire questions, motions in limine fully briefed, and any proposed jury instructions, together with citations of law thereon, **ON OR BEFORE TWO WEEKS PRIOR TO THE TRIAL DATE**

**UNLESS SAID TIME IS SHORTENED BY THE COURT ON MOTION OF EITHER PARTY.** Responses to motions in limine, with supporting briefs **SHALL BE FILED NOT LATER THAN ONE WEEK BEFORE JURY SELECTION**. Trial counsel are **DIRECTED** to review the jury questionnaire used in this court and to avoid any duplication of matters addressed therein in their voir dire questions. The jury questionnaire is available on the court's website at http://www.almd.uscourts.gov/juryinfo.htm.

**SECTION 14.** In cases involving jury trials, the term **TRIAL DATE** as used in the foregoing deadlines shall mean the date set for jury selection.

**SECTION 15**. If any party has an objection to these deadlines, the party should inform the Court within **14** days from the date of this Order; otherwise, the Court will assume that the deadlines are agreeable to all parties. Unless this Order be modified by subsequent Order of the Court, the provisions hereinabove set out are binding on the parties.

DONE, this 2nd day of June, 2008.

/s/ Susan Russ Walker
SUSAN RUSS WALKER
CHIEF UNITED STATES MAGISTRATE JUDGE

IN THE UNITED STATES DISTRICT COURT FOR
THE MIDDLE DISTRICT OF ALABAMA
_____ DIVISION

|  |  |  |
|---|---|---|
| Plaintiff, | ) ) ) ) | |
| v. | ) | CIVIL ACTION NO. _____ |
| Defendants. | ) ) ) | |

ORDER ON PRETRIAL HEARING

This cause coming on to be heard on a regular pretrial hearing on _____, and all parties being present in person or by counsel, the following action was thereupon taken:

6. PARTIES AND TRIAL COUNSEL:

COUNSEL APPEARING AT PRETRIAL HEARING: (same as trial counsel or indicate if different)

7. JURISDICTION AND VENUE:

8. PLEADINGS: The following pleadings and amendments were allowed:

**[Note: Sections 4 and 5 of the pretrial order are the most important because they focus specifically on the claims and defenses of the parties, and thus provide the framework for the court's preliminary and final instructions to the jury. The format for these sections is very specific and must be followed. Failure to complete these sections in the form prescribed will result in the court's rejection of the proposed pretrial order.]**

4. **PLAINTIFF(S)' CLAIMS**: [in this section, the plaintiff should specifically state the claims which are to be presented to the trier of fact and provide the court with the statutory basis for each claim and a brief statement of the facts in support of the claim. Where the basis of the claim is non-statutory, the plaintiff should provide the court with the citation of a case setting forth the elements of the claim as well as a brief statement in support of the claim.] Each claim should be separately listed.

5. **DEFENDANT(S)' DEFENSES**: [in this section, the defendant should specifically state the affirmative defenses which are to be presented to the trier of fact and a brief statement of the facts which support those defenses. Where the defense presented is a factual defense, the defendant shall address each of the plaintiff's claims and set forth a brief factual statement of the defense to those claims.] Each defense should be separately listed.

6. **STIPULATIONS OF FACT BY AND BETWEEN THE PARTIES:**

7. The plaintiff(s) shall file a trial brief with the court **on or before** _____. The defendant(s) shall file a trial brief with the court **on or before** _____.

8. **If a jury trial:** The parties are ORDERED to file any requested voir dire questions and any proposed jury instruction, together with citations of law thereon, **ON OR BEFORE TWO WEEKS PRIOR TO THE TRIAL DATE UNLESS SAID TIME IS SHORTENED BY THE COURT ON MOTION OF EITHER PARTY**. Trial counsel are DIRECTED to review the jury questionnaire used in this court and to avoid any duplication of matters addressed therein in their voir dire questions.

9. Any motions in limine or similar motions must be filed **not later than two weeks** prior to trial and must be accompanied by a brief. The court will not entertain motions to exclude or limit evidence thereafter. Responses to these motions shall be filed **not later than one week** prior to trial.

   10.  All exhibits shall be marked prior to trial with exhibit labels, which are available from the clerk's office.  In addition to the original exhibits marked for introduction, each party shall have available copies of each photostatically reproducible exhibit as follows: (1) one copy for each opposing party and (2) one copy for the court which shall be contained in a tabbed notebook.

   11.  It is ORDERED that all of the allowances and agreements contained in this order be, and the same are hereby, binding upon all parties in this case unless this order is hereafter modified by the court.

   DONE this _____ day of _____, 2001.

_____
UNITED STATES MAGISTRATE JUDGE

IN THE DISTRICT COURT OF THE UNITED STATES
MIDDLE DISTRICT OF ALABAMA

**PROGRAM OF VOLUNTARY MEDIATION**

This court has established a program of voluntary mediation to assist litigants in resolving their disputes prior to trial. The court stresses that <u>mediation is completely voluntary and confidential</u>. The court strictly enforces the confidentiality of mediation.

The court encourages litigants to consider the salutary benefits of resolving at an early stage their dispute through voluntary mediation. Mediation is a process of confidential negotiation through which parties may often achieve results which could not be gained through submission of their case to a jury. Successful mediation saves the substantial time and expense involved with a trial. Successful mediation allows parties to alleviate the risk of trial and, at the same time, permits the parties to play an active role in the final decision about their case. The mediation process generally involves a joint meeting with all parties and counsel to discuss the case and each side's position. After this meeting the mediator will meet with each side individually for a full discussion of that side's case. Throughout the process the goal of the mediator is to assist the parties in negotiating a settlement. Often the mediator will provide to the parties a frank, honest opinion about the strengths and weaknesses of their case. Often an objective viewpoint assists parties in making good decisions about settlement.

The scheduling order entered in this case requires that not less than 14 days after the date for filing dispositive motions, counsel for the parties shall personally meet and attempt to reach settlement of the case. If counsel in good faith cannot reach settlement, counsel are also required to consider whether mediation will assist the parties in resolving this case. Within five days after this conference counsel are to notify the trial judge in writing whether they have settled the case and, if not, whether they believe mediation will assist the parties in resolving the case. Upon such notification, the trial judge may assign a mediator to schedule a mediation conference. However, a judge of this court may assign a mediator at any time.

Except in extraordinary circumstances the mediator will be a judicial officer. Under the existing internal operating understandings of this court, a nonjudicial mediator will not be assigned to a case without the knowledge and concurrence of the parties.

The court also encourages parties to consider settlement negotiations and mediation well before the time when a settlement conference is required. <u>At any time while a case is pending</u>, the parties may seek assistance in settling their dispute through mediation.